PETITION OF EARL TAYLOR.

No. 12496.
Decided April 26, 1973.
511 P.2d 1318.

MEMO OPINION

PER CURIAM:

This is an original proceeding commenced in this Court for the purpose of seeking a writ of habeas corpus. The petitioner is an inmate of the Montana State Prison and brings this petition pro se.

It appears that petitioner was arrested on July 28, 1971 in Great Falls, Montana at about 7:30 p.m. Sometime earlier that evening Taylor and a companion had gone to the home of Lloyd Jacobson. During that visit Taylor had beaten Jacobson causing him severe injuries, including the loss of sight in his right eye. Taken in the robbery from Jacobson were his wallet, watch, television set and automobile. The watch was recovered the same night in the possession of Taylor. After the arrest Taylor was taken to the Deaconess Hospital for the purpose of identification by Jacobson who was able to identify Taylor by the hat he was wearing at the time. He had been wearing the same hat at the time of the crime. It is this identification procedure which petitioner complains about in this proceeding. His petition alleges that he was not informed of his right to counsel and that this identification was a ''critical stage'' in his prosecution where he had a right to counsel. There is no merit in this contention.

It is apparent from reading the transcript of Taylor's trial that the identification at the hospital was not used against him

during trial. This record reveals that a hearing was held on this point prior to the trial. The district court took testimony from Jacobson on whether he could identify Taylor as his assailant independent of the hospital identification. At the conclusion of that hearing the court determined that Jacobson could not make such a determination and held:

"* * * I will not allow you to use the hospital identification."

Petitioner cannot now claim his rights were violated when the plain truth of the matter is that his rights were specifically protected. The hospital identification was not used at the trial and therefore petitioner was not prejudiced. It has long been held by the Court that in the absence of a showing of prejudice relief will be denied.

We further suggest to petitioner that he refer to Kirby v. Illionis, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972).

The petition for a writ of habeas corpus is denied and this proceeding is dismissed.